■ The People of the State of New York, Respondent, v Theodore Madlin, Appellant. [755 NYS2d 121] —Crew III, J. Appeal from an order of the County Court of Broome County (Smith, J.), rendered September 20, 2001, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In this appeal from County Court's sex offender risk level classification, defendant contends that the court erred when it deviated from the level II risk classification recommended by the District Attorney. In making its determination, County Court relied upon the victim's statements to police as contained in the report of the presentence investigation. These statements demonstrate that defendant engaged in multiple acts of sexual misconduct with a nine-year-old girl within one 24-hour period, including an attempt to engage in deviate intercourse with the child. Based upon this evidence, County Court as-

sessed 20 additional points in the category "continuing course of sexual misconduct." County Court also found that defendant's attempt to engage in deviate intercourse was properly treated as "sexual intercourse, deviate intercourse or aggravated sexual abuse," rather than "contact under clothing" as recommended by the District Attorney, and assessed an additional 15 points in this category. As a result, County Court classified defendant as a risk level III sex offender.

Under the Risk Assessment Guidelines and Commentary (hereinafter Guidelines) developed by the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-*l*, multiple acts of sexual contact within one 24-hour period cannot be considered a continuous course of sexual contact (*see* Risk Assessment Guidelines and Commentary, at 10 [1997 ed]). The Guidelines also indicate that the subcategory for "sexual intercourse, deviate intercourse or aggravated sexual abuse" contemplates commission of specific sexual acts rather than attempted commission of those acts as occurred here (*see* Risk Assessment Guidelines and Commentary, at 8-9 [1997 ed]). Although County Court is empowered to deviate from the Guidelines if it finds "an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see Matter of O'Brien v State of N.Y. Div. of Probation & Correctional Servs.*, 263 AD2d 804, 805-806, *lv denied* 94 NY2d 758), County Court made no such finding here; it simply misapplied the guidelines as promulgated by the Board of Examiners of Sex Offenders.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level II sex offender under the Sex Offender Registration Act.