THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR TAYLOR, Appellant. [853 NYS2d 354]—

Appeal by the defendant from an order of the County Court, Westchester County (R. Bellantoni, J.), entered December 8, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing the appropriate risk level determination under

the Sex Offender Registration Act, the People bear the burden of proving the necessary facts by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Mingo,* 49 AD3d 148, 150 [2008]; *People v Lawless,* 44 AD3d 738 [2007], *lv denied* 9 NY3d 816 [2007]; *People v Hardy,* 42 AD3d 487 [2007], *lv denied* 9 NY3d 814 [2007]).

Here, the defendant argues that the People failed to establish, by clear and convincing evidence, that he engaged in a continuing course of sexual misconduct with the 13-year-old victim. We disagree. The evidence established that the defendant committed two acts of sexual misconduct, at least one of which included sexual intercourse, over a period greater than 24 hours (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006 ed] [hereinafter SORA Guidelines]). The defendant admitted that he had sexual intercourse with the victim during the first incident. With respect to the second incident, the County Court's statements at the hearing sufficiently set forth its finding, which was supported by clear and convincing evidence, that this incident included sexual contact (*id.* at 10; *cf. People v Madlin,* 302 AD2d 751, 752 [2003]).

We likewise reject the defendant's contention that the County Court should not have assessed 20 points under risk factor 7. The evidence was clear and convincing that, at a time when he knew that the victim was less than 17 years old (*see* Penal Law § 130.05 [3] [a]), the defendant promoted his relationship with the victim primarily for the purpose of sexual contact (*see* SORA Guidelines at 12).

Finally, the defendant's contention that the County Court erred in declining to downwardly depart from the presumptive risk level designation so as to designate him a level two offender is meritless. A departure from the presumptive risk level is generally warranted only where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (*id.* at 4; *see People v Burgos,* 39 AD3d 520 [2007]). Here, the defendant failed to establish the existence of such a mitigating factor. Moreover, the County Court was not bound by the recommendation of the New York State Board of Examiners of Sex Offenders, but was instead entitled to determine the defendant's risk level based on the record before it (*see People v Charache,* 32 AD3d 1345 [2006], *affd* 9 NY3d 829 [2007]; *People v Carswell,* 8 AD3d 1073 [2004]). The County Court properly found that the presumptive risk level accurately assessed the defendant's likelihood of reoffense and thus properly declined to depart from that risk assessment level. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.