■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. REDCROSS, Appellant. [864 NYS2d 206]—

Peters, J.P. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered November 8, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to rape in the second degree and sodomy in the second degree and was sentenced to a prison term of 3 to 6 years based upon his admission that he had sex with the then 13-year-old victim on at least three separate occasions in January 2003. The Board of Examiners of Sex Offenders recommended that defendant be classified as a risk level three sex offender and, following a hearing, County Court adopted the Board's recommendation. Defendant now appeals, contending that he was improperly assessed points for continuing course of sexual misconduct (20 points), recency of prior offense (10 points) and history of drug or alcohol abuse (10 points).

Preliminarily, although the underlying hearing was brief and County Court's discussion of the various risk factors may be characterized as terse, we cannot say "that the court's findings constituted merely a generic listing of factors . . . precluding meaningful appellate review" (*People v Carter*, 35 AD3d 1023, 1024 [2006], *lv denied* 8 NY3d 810 [2007] [internal quotation marks and citations omitted]). Similarly unpersuasive is defendant's contention that he was improperly assessed points for recency of prior offense and history of drug or alcohol abuse. We do, however, agree with defendant that the assessment of 20 points for continuing course of sexual misconduct is not supported by clear and convincing evidence.

Pursuant to the Risk Assessment Guidelines and Commentary, 20 points may be assigned under this factor when a defendant "engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii)

three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). While the record plainly demonstrates that defendant had sex with the victim on at least three occasions during January 2003, it is silent as to when these acts occurred relative to each other. No mention of the offense dates is made in the presentence investigation report, the case summary or the hearing transcript, and the plea colloquy is noticeably absent from the record. Under such circumstances, we must conclude that County Court erred in assessing 20 points under this risk factor (see People v Whalen, 22 AD3d 900, 902 [2005]). As the absence of this factor reduces defendant's score enough to presumptively place him in a lower classification, County Court's order must be reversed (see People v Madlin, 302 AD2d 751 [2003]).

Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level two sex offender under the Sex Offender Registration Act.