■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CROWLEY, Appellant. [881 NYS2d 727]—

Spain, J. Appeal from an order of the County Court of Rensselaer County (Jacon, J.), entered March 12, 2008, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2003 defendant, then 38 years old, engaged in sexual intercourse with a then 17-year-old female and, based upon the stated age difference, was convicted of a felony sex crime in Florida. Because defendant was required to register as a sex offender in Florida, his subsequent relocation to this state required that he register here as well (*see* Correction Law § 168-a [1], [2] [d] [ii]). The Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying defendant as a risk level two sex offender. However, the

Board opined that he presented a low risk to reoffend, conclud-ing that the conduct for which he was convicted in Florida would not constitute a crime in this state based upon the age differ-ence alone. The Board also reasoned that while "there was some evidence of coercion, there did not appear to be any force," and recommended a downward departure to a risk level one sex of-fender. The People submitted a letter opposing the Board's recommended downward departure, but did not comply with the statutory mandate that they send "the court and the sex of-fender a statement setting forth . . . *the reasons* for seeking such determination[ ]" (Correction Law § 168-n [3] [emphasis added]). Following a hearing, County Court rejected the Board's recommendation and classified defendant as a risk level two sex offender. This appeal by defendant ensued.

At the hearing, the People urged County Court to adhere to the presumptive risk level two designation, arguing that while defendant's conduct would not have constituted a crime in this state based upon age difference alone, the victim's account of the incident supported a finding that it was nonconsensual, i.e., committed with some force. The People noted that defendant had not been scored under risk factor one for use of forcible compulsion. Defendant advocated in favor of the Board's recom-mendation for a downward departure and submitted a letter from the victim's uncle indicating that the sexual contact had been consensual. Defendant did not challenge the designation of points in the risk assessment instrument. The court, indicating its belief that defendant would reoffend if he were drunk again in view of his history of drug and alcohol abuse (for which he received 15 points under risk factor 11), offered defendant an opportunity to adjourn the hearing and obtain a drug and alcohol evaluation. Defendant refused. The court then desig-nated defendant as a risk level two sex offender finding that—based upon his refusal to address his substance abuse history—his risk of reoffending was "moderate," not "low" as the Board had concluded.

We agree with defendant that County Court's failure to issue a written order setting forth its findings of fact and conclusions of law to support the determination, as required (*see* Correction Law § 168-n [3]), precludes meaningful appellate review of defendant's classification as a risk level two sex offender (*see People v Zayas*, 57 AD3d 1179, 1179-1180 [2008]; *People v Torchia*, 39 AD3d 1137, 1138 [2007]). The court's oral findings are not sufficiently detailed to permit such review (*cf. People v Roberts*, 54 AD3d 1106, 1107 [2008], *lv denied* 11 NY3d 713 [2008]; *People v Joslyn*, 27 AD3d 1033, 1035 [2006]).

The hearing transcript reveals that County Court focused solely upon the fact that defendant's history of substance abuse rendered him likely to reoffend. However, the court did not discuss the Board's stated reason for recommending a downward departure from the presumptive risk level classification— namely, the argument that defendant's conduct did not involve force and would not constitute a crime in New York, a factor defendant argued at the hearing. Under these circumstances, this matter must be remitted to County Court (*see People v Zayas*, 57 AD3d at 1180). In light of this conclusion, the parties' remaining arguments are academic.

Peters, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.