THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WRIGHT, Appellant. [911 NYS2d 513]—

Rose, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered March 26, 2010, which denied defendant's application pursuant to Correction Law § 168-*o* (2) for reclassification of his sex offender risk level status.

Defendant pleaded guilty to attempted rape in the first degree and sodomy in the second degree. At the conclusion of his prison sentence, defendant was adjudicated to be a risk level three sexually violent offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). This adjudication was affirmed by this Court (*People v Wright*, 53 AD3d 963 [2008], *lv denied* 11 NY3d 710 [2008]). Defendant thereafter applied for a

modification to a risk level two status pursuant to Correction Law § 168-*o* (2), which was denied by County Court. Defendant now appeals.

We affirm. A sex offender required to register pursuant to the Sex Offender Registration Act may seek a downward modification of his or her risk level status (*see* Correction Law § 168-*o* [2]). The burden is on the sex offender to establish by clear and convincing evidence that the requested modification is warranted (*see* Correction Law § 168-*o* [2]). Here, although County Court acknowledged that, since his designation as a risk level three offender, defendant has completed a mandated substance abuse program and has regularly attended substance abuse self-help meetings, has found seasonal employment with a catering business and has not violated probation, the court found that this evidence did not establish by clear and convincing evidence that defendant's risk level three sexually violent offender status should be reduced. Based upon our review of the record, we are similarly unpersuaded and cannot conclude that County Court abused its discretion in denying defendant's application (*see People v VanDover*, 45 AD3d 926, 926 [2007]).

We also reject defendant's contention that County Court deprived him of due process rights by denying his request to submit certain documents as evidence in support of modification. The documents that were denied relate to his underlying crimes, and we note that when making a determination regarding the appropriate sex offender risk level status, "[f]acts previously proven at trial or elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" (Correction Law § 168-n [3]; *see People v Hood*, 35 AD3d 1138, 1139 [2006], *lv denied* 8 NY3d 808 [2007]). Accordingly, County Court properly excluded these documents.

Cardona, P.J., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.