■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL A. MOSS, Also Known as PAUL ALGIERI, Also Known as PAUL ALEGERI, Also Known as PAUL ALGERI, Also Known as PAUL ALGIER, Appellant. [962 NYS2d 791]—

Rose, J.P. Appeal from an order of the County Court of Saratoga County (Scarano, J.), entered September 20, 2011, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant, who was 41 years old at the time, met a 15-year-old girl in a Chuck E. Cheese restaurant and induced her to accompany him to his apartment where the two engaged in unprotected oral, anal and vaginal sex. Defendant was arrested, he eventually pleaded guilty to rape in the third degree and he was sentenced to two years in prison followed by five years of postrelease supervision. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified him as a risk level III sex offender under the Sex Offender Registration Act (*see* Correction Law art 6-C). At the ensuing hearing, defendant did not contest the assessment of points, but he sought a downward departure from the presumptive risk level. County Court denied defendant's request and classified him as a risk level III sex offender. He now appeals, and we affirm.

The question of whether to grant a downward modification from the presumptive risk level rests within the sound discretion of the trial court and is warranted "only where 'there exists [a] . . . mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Barnett*, 71 AD3d 1296, 1297 [2010], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Nichols*, 80 AD3d 1013, 1014 [2011]). The burden is on the sex offender to establish by clear and convincing evidence that the requested modification is warranted (*see* Correction Law § 168-*o* [2]).

Defendant's claim that his criminal history compels a downward departure is unpersuasive. His presentence investigation report discloses a criminal record involving eight prior convictions stretching back to 1988. Although he asserts that a 1993 crime for which he was convicted of attempted robbery in the second degree was not "violent," he bases his contention on nothing more than the fact that the sentence included a relatively brief period of incarceration. We take note, however, that attempted robbery in the second degree is classified as a violent felony (*see* Penal Law §§ 70.02 [1] [b], [c]; 160.10). To the extent that defendant also claims that his record is devoid of sexually related offenses, our review of his criminal history reveals that he was charged in 2006 with endangering the welfare of a child (*see* Penal Law § 260.10). Although he eventually pleaded guilty to menacing in the second degree in satisfaction of that charge, the presentence investigation report relates his description of the original charge as "a sex offense."

Defendant also argues that a downward departure is warranted based on the victim's alleged consent, but this argument is rejected inasmuch as his victim was legally incapable of giving her consent by reason of her age (*see* Penal Law § 130.25 [2]). Thus, County Court acted well within its discretion in denying defendant's request for a downward modification of his risk level status (*see People v Briggs*, 86 AD3d 903, 905 [2011]; *People v Wright*, 78 AD3d 1437, 1438 [2010]).

Stein, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.