Stein, J.
Appeal from an order of the County Court of Washington County (McKeighan, J.), entered November 4, 2011, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to attempted rape in the second degree and was sentenced to 90 days of incarceration and 10 years of probation. Consequently, the People submitted a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C), which presumptively classified defendant as a risk level two sex offender. At defendant’s subsequent appearance before County Court with counsel, the court declined his request for a downward departure and classified defendant as a risk level two sex offender. Defendant now appeals.
Initially, we agree with defendant that 20 points were improperly assessed for risk factor 4, a “[continuing course of sexual misconduct.” While the record reflects that sexual contact between defendant and the victim occurred on two consecutive evenings, it lacks clear and convincing evidence that the two acts were separated by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v Redcross, 54 AD3d 1116, 1116-1117 [2008]; compare People v Simmonds, 74 AD3d 1505, 1506 [2010]). However, we find that 15 points were appropriately assessed for risk factor 11, a history of “[d]rug or [a]lcohol abuse,” based on the evidence that defendant smoked marihuana with the victim during the period that she was at his apartment and that he had been drinking prior to one of the sexual encounters, and upon his subsequent admission that he was a daily user of marihuana at the time of the offense (see Sex Offender Registra *1070 tion Act: Risk Assessment Guidelines and Commentary at 15; People v Palmer, 20 NY3d 373, 377-378 [2013]; People v Lerch, 66 AD3d 1088, 1089 [2009], lv denied 13 NY3d 715 [2010]). We also conclude that defendant was properly assessed 10 points for risk factor 8, “[a]ge at first act of sexual misconduct,” as defendant was 19 years of age at the time of the offense and points are assessed when offenses are committed by those “20 or less” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13; see People v Robertson, 101 AD3d 1671, 1672 [2012]).
Nonetheless, we conclude that remittal is required with respect to defendant’s request for a downward departure. Whether to grant a downward departure from the presumptive risk level is a matter within the sound discretion of the trial court and is only warranted where a mitigating factor exists that is not otherwise taken into account by the guidelines (see People v Moss, 105 AD3d 1099, 1099 [2013]; People v Kotzen, 100 AD3d 1162, 1162-1163 [2012], lv denied 20 NY3d 860 [2013]; People v Briggs, 86 AD3d 903, 905 [2011]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4). It is defendant’s burden to establish the existence of a mitigating factor (see People v Moss, 105 AD3d at 1099; People v Kotzen, 100 AD3d at 1162-1163; but see People v Wyatt, 89 AD3d 112, 127-128 [2011], lv denied 18 NY3d 803 [2012]).
Here, in reaching a determination with respect to defendant’s application for a downward departure, County Court’s written order did not set forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3), and its limited oral findings were not sufficiently detailed to permit intelligent review (see People v Kennedy, 79 AD3d 1470 [2010]; People v Beames, 71 AD3d 1300, 1301 [2010]; People v Burke, 68 AD3d 1175, 1177 [2009]; People v Crowley, 64 AD3d 918, 919 [2009]).* Without a clear explanation of County Court’s findings, and considering that, as a result of our decision herein, there is now only a five point discrepancy between defendant’s score (75 points) and a risk level one classification, we cannot ascertain whether County Court would have reached a different result had defendant’s request for a downward departure been considered using the proper assessment of points (see generally *1071 People v Cruz, 28 AD3d 819, 820 [2006]). Under these circumstances, we remit the matter to County Court for a disposition that complies with the statutory requirements.
Rose, J.P., Lahtinen, Spain and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court’s decision.

 We note that County Court did not conduct a Sex Offender Registration Act hearing at which testimony was taken. Instead, it allowed the parties to make written submissions setting forth their arguments with respect to the RAI. Moreover, in adopting the RAI, County Court merely commented that “95 is a correct score” and that it did not “find any reason to opt out of the guidelines.”