■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. HEMMES, Appellant. [973 NYS2d 875]—

McCarthy, J.

In satisfaction of a 17-count indictment, defendant pleaded guilty to criminal sexual act in the second degree, rape in the second degree and disseminating indecent material to minors in the first degree. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument, pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), that presumptively classified defendant as a risk level II sex offender. Following a hearing, County Court adopted the Board's recommendation and classified defendant as a risk level II sex offender. Defendant appeals.

County Court assigned defendant 95 points, placing him within risk level II (75 to 105 points). Defendant only challenges the assignment of points in two categories—risk factor 3, addressing the number of victims, and risk factor 7, addressing

his relationship to the victim or victims. Unfortunately, County Court failed to comply with the statutory mandate to issue a written order setting forth its findings of fact and conclusions of law to support its determination (*see* Correction Law § 168-n [3]; *People v Crowley*, 64 AD3d 918, 919 [2009]). Despite this error, remittal is unnecessary where the court makes oral findings and conclusions that "are clear, supported by the record and sufficiently detailed to permit intelligent review" (*People v Carter*, 106 AD3d 1202, 1203 [2013]), or the record is sufficient for this Court to make its own factual findings and conclusions (*see People v Urbanski*, 74 AD3d 1882, 1883 [2010], *lv denied* 15 NY3d 707 [2010]; *People v Guitard*, 57 AD3d 751, 751 [2008], *lv denied* 12 NY3d 704 [2009]).

County Court's oral findings were not clear or clearly supported by the record, but the record is sufficient for this Court to make enough of its own findings to determine the proper classification. County Court assigned 30 points under risk factor 3 for defendant having three or more victims, without identifying which particular individuals it considered as victims. The court also assigned 20 points under risk factor 7, indicating that defendant was a stranger or established a relationship for the purpose of victimizing, but did not explain which of those two labels was applicable or to which victim or victims the label applied. During its oral discussion, the court intertwined statements about different factors and stated that it relied on the case summary and presentence investigation report, but also found defendant's testimony—which was in some ways inconsistent with those documents—credible, creating further uncertainty regarding the basis for the court's findings and conclusions.

Although confusion in the record and the lack of County Court's written findings may preclude us from confirming that defendant had three or more victims, the record clearly establishes two victims, requiring an assessment of 20 points under risk factor 3. Defendant's convictions for rape and criminal sexual act were with one identified victim. His conviction for disseminating indecent materials to minors stemmed from his online interactions with an undercover officer. Contrary to defendant's argument, the undercover officer, who posed as (and defendant thought was) a 14-year-old girl, can constitute a victim as contemplated by the Sex Offender Registration Act (*see People v DeDona*, 102 AD3d 58, 64-67 [2012]). While defendant may have had three or more victims, the record contains clear and convincing evidence that he had at least two victims. Thus, we assign 20 points, rather than 30, for that factor.

Despite the lack of findings and clarity concerning defendant's relationship with any other actual or potential victims, the record shows that the undercover officer was a stranger to defendant, and that he established an online relationship with her for purposes of victimization (*see People v Duart*, 84 AD3d 908, 909 [2011], *lv dismissed* 17 NY3d 916 [2011]; *People v Tejada*, 51 AD3d 472, 472 [2008]). As 20 points were properly assigned under risk factor 7 for that victim, we need not characterize defendant's relationship with the rape victim. Even if we deduct 10 points under risk factor 3 due to factual uncertainty on that factor, defendant still has 85 points, placing him presumptively within risk level II. Accordingly, he was correctly classified as a risk level II sex offender.

Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.