*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                     518659
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                  MEMORANDUM AND ORDER

ANTHONY LESCH,
                        Appellant.
_____


Calendar Date:   February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

                        _____


        Torrance L. Schmitz, Vestal, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Joann Rose
Parry of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from an order of the County Court of Broome County
(Cawley, J.), entered March 3, 2014, which denied defendant's
application pursuant to Correction Law § 168-o (2) for, among
other things, reclassification of his sex offender risk level
status.

        Defendant entered a guilty plea to sexual abuse in the
first degree in satisfaction of other charges, and was sentenced
to three years in prison to be served concurrently to a federal
prison term of 188 months for his conviction of possession of
child pornography.  In 2005, the Board of Examiners of Sex
Offenders presumptively classified defendant as a risk level II
sex offender under the Sex Offender Registration Act (see
Correction Law art 6-C) but, on the Board's recommendation,

County Court determined that aggravating factors warranted an upward departure, classified defendant as a risk level III sex offender and designated him a sexually violent offender and a predicate offender (see Correction Law § 168-a [7] [b], [c]).  On appeal, this Court affirmed (People v Lesch, 38 AD3d 1129 [2007], lv denied 8 NY3d 816 [2007]).  Defendant thereafter applied for a modification to a risk level II status pursuant to Correction Law § 168-o (2), which County Court denied following a hearing. Defendant appeals.[1]

Pursuant to Correction Law § 168-o (2), a sex offender who is required to register under the Sex Offender Registration Act may seek a downward modification of his or her risk level status, and he or she bears the burden of establishing by clear and convincing evidence that the downward modification is warranted (see People v Lashaway, 112 AD3d 1235, 1236 [2013], lv granted 22 NY3d 865 [2014]; People v Wright, 78 AD3d 1437, 1438 [2010]). Defendant, who remains confined in federal prison, argued that a modification was warranted based upon his positive gains while incarcerated, including his completion of a sex offender program, computer certificate programs and a GED, and his acceptance of responsibility.  County Court took into consideration defendant's steps toward self-improvement as well as the Board's updated recommendation, and concluded that defendant had not demonstrated his ability to live crime-free in the community nor submitted clear and convincing evidence that his risk level should be reduced.  Based upon our review of the record, including the initial risk classification that previously considered defendant's guilty plea and asserted acceptance of responsibility and his extensive criminal history, we do not find that the court

---

[1]  Although County Court made a bench ruling after the January 31, 2014 hearing, the court's written order was not entered until March 3, 2014 and, thus, defendant's February 7, 2014 notice of appeal was premature.  In the interest of judicial economy, we will excuse the defect, treat the notice of appeal as valid and address the merits (see CPLR 5520 [c]; People v Rogowski, 96 AD3d 1113, 1113 n [2012]; People v Barrier, 58 AD3d 1086, 1087 n [2009], lv denied 12 NY3d 707 [2009]; People v Scott, 35 AD3d 1015, 1016 [2006], lv denied 8 NY3d 808 [2007]).

abused its discretion in denying defendant's application (<u>see</u> <u>id.</u>).

McCarthy, Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court