■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v KACEEN JORDAN, Appellant. [44 NYS3d 66]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Gubbay, J.), dated March 5, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.

In June 2013, the defendant was convicted of criminal sexual act in the third degree (Penal Law § 130.40 [2]). The conviction arose from the defendant's sexual contact with a 15-year-old boy he had met through an Internet chat room.

At the proceeding to determine the defendant's risk level

under the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law § 168 *et seq*.), the Supreme Court assessed a total of 115 points under the risk assessment instrument and designated the defendant a level three sex offender. The only contested issue was whether 20 points should be assessed under risk factor 7 ("Relationship between Offender and Victim") (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). On this appeal, the defendant contends that the assessment of 20 points under risk factor 7 was error.

As relevant to this case, risk factor 7 provides that 20 points should be assessed when "the offender's crime . . . was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (SORA: Risk Assessment Guidelines and Commentary at 12 [2006]). As the Commentary to the Guidelines points out, this language was taken directly from SORA itself. Specifically, Correction Law § 168-a (9) says that " '[p]redatory' means an act directed at a stranger, or a person with whom a relationship has been established or promoted for the primary purpose of victimization." Indeed, in enacting SORA, the Legislature expressly stated that it was especially concerned with "predatory acts": "[t]he legislature finds that the danger of recidivism posed by sex offenders, especially those sexually violent offenders who commit *predatory acts characterized by repetitive and compulsive behavior*, and . . . the protection of the public from these offenders is of paramount concern or interest to government" (L 1995, ch 192, § 1 [emphasis added]; *see People v Diack*, 24 NY3d 674, 680 [2015]). This language convinces us that "for the primary purpose of victimization," as used in risk factor 7 and relevant to this case, requires proof that the defendant knew when establishing or promoting the relationship for sexual purposes that the victim was underage. In cases where the SORA offense is a crime because of the victim's age, risk factor 7 does not apply to offenders who may have established the relationship for sexual purposes, but without having reason to know the victim's age at that time (*cf. People v Simmonds*, 74 AD3d 1505, 1506-1507 [2010]).

At the SORA hearing, the People failed to meet their burden of proving by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]) that the defendant was aware of the victim's age when he established or promoted the relationship. Specifically, the People presented no evidence at the hearing as to the defendant's knowledge of the victim's age at that time. Notably,

defense counsel had asserted that the victim's profile on the website chat room listed his age as 18. The People did not even attempt to refute that assertion. We note that, as the defendant acknowledges, he was properly assessed 20 points under risk factor 5 based on the victim's age. That risk factor, like the crime of which the defendant was convicted, contains the victim's age as a strict liability element (see Penal Law § 130.40 [2]; SORA: Risk Assessment Guidelines and Commentaries at 11 [2006]).

After subtracting the 20 points improperly assessed under risk factor 7, the defendant's point total on the risk assessment instrument is 95, within the range for a level two sex offender. We therefore reverse the order appealed from and designate the defendant a level two sex offender. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.