◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MADISON, Appellant. [59 NYS3d 755]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated April 10, 2013, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level two sexually violent offender.

The defendant's contention that he should not have been assessed points under risk factor 11 is not preserved for appellate review (*see People v Jones*, 130 AD3d 601 [2015]). However, we reach it in the interest of justice (*see People v Souverain*, 137 AD3d 765, 766 [2016]).

"In order to demonstrate that an offender was 'abusing [drugs or] alcohol at the time of the offense,' the People must show by clear and convincing evidence that the offender used [drugs or] alcohol in excess either at the time of the crime or repeatedly in the past" (*People v Palmer*, 20 NY3d 373, 378

[2013], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Here, although the People offered evidence that the defendant used drugs after the time of the offense, the People failed to prove by clear and convincing evidence that the defendant used alcohol or drugs in excess either at the time of the offense or repeatedly in the past (*see People v Palmer*, 20 NY3d at 378; *People v Ceja*, 143 AD3d 685, 686 [2016]; *People v Rohoman*, 121 AD3d 876, 877 [2014]; *People v Coger*, 108 AD3d 1234, 1235 [2013]). Accordingly, the Supreme Court should not have assessed the defendant 15 points under risk factor 11.

After subtracting the 15 points improperly assessed under risk factor 11, the defendant's point total on the risk assessment instrument is 105, within the range for a level two sex offender (*see People v Jordan*, 145 AD3d 691, 693 [2016]). Moreover, although a court may depart from the presumptive risk level where the circumstances warrant that departure (*see People v Wyatt*, 89 AD3d 112, 119 [2011]), here, the defendant failed to establish his entitlement to a downward departure to risk level one (*cf. People v Abdullah*, 31 AD3d 515, 516 [2006]). Accordingly, we reverse the order appealed from and designate the defendant a level two sexually violent offender.

The defendant's remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.