People v Trotter (2018 NY Slip Op 05211)





People v Trotter


2018 NY Slip Op 05211


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2014-07784

[*1]People of State of New York, respondent, 
v
Guy Trotter, appellant.


The Legal Aid Society, New York, NY (Nancy E. Little of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Elisa S. Koenderman, J.), dated July 21, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the defendant is designated a level one sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art. 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender based on its assessment of 75 points on the risk assessment instrument. The defendant challenges only the assessment of points under risk factor 11 (Drug or Alcohol Abuse).
At a risk-level determination hearing under SORA, the People bear the burden of proving the facts underlying the assessments by clear and convincing evidence (see Correction Law § 168-n[3]; People v Eaton, 105 AD3d 722, 723). "[R]eliable hearsay" is admissible (Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 572). In its Commentary to the SORA Guidelines, the Board of Examiners of Sex Offenders has stated that the proof "can be derived from the sex offender's admissions; the victim's statements; the evaluative reports of the supervising probation officer, parole officer or corrections counselor; or from any other reliable source" (SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). Nevertheless, as the Court of Appeals expressly recognized in Mingo, admissible evidence is not necessarily persuasive: "[o]f course, information found in a case summary or presentence report need not always be credited — it may be rejected when it is unduly speculative or its accuracy is undermined by other more compelling evidence" (People v Mingo, 12 NY3d at 573).
Assessment of points under risk factor 11 may be appropriate if the offender has a "history" of substance abuse or if the offender "was abusing drugs and or alcohol at the time of the offense" (Guidelines at 15; see People v Palmer, 20 NY3d 373, 379-380; People v Santogual, 157 AD3d 737, 737; People v Madison, 153 AD3d 737, 737-738). Here, the People did not meet their burden of proving the facts underlying the disputed point assessment by clear and convincing evidence (see People v Santogual, 157 AD3d at 737). The presentence report contained only [*2]ambiguous information about the extent of the defendant's use of alcohol and marijuana between the ages of 16 and 20, at least 7 years before the sex offense at issue in this proceeding, and no information about the defendant's use of those substances in the 7 years before the sex offense. Moreover, the evidence at the hearing did not establish that the defendant abused or was under the influence of alcohol or marijuana at the time of the offense (see People v Madison, 153 AD3d at 737-738; cf. People v Villanueva, 143 AD3d 794, 794). Accordingly, the defendant should not have been assessed 15 points under risk factor 11. Without the assessment of those points, the point total was 60, within the range for a presumptive designation as a level one sex offender. Therefore, the defendant should have been designated a level one sex offender.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court