People v Coe (2018 NY Slip Op 08587)





People v Coe


2018 NY Slip Op 08587


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

525001

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON COE, Appellant.

Calendar Date: November 14, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the County Court of Albany County (Carter, J.), entered February 22, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In February 2013, defendant pleaded guilty in federal court to the distribution and possession of child pornography and was sentenced to 60 months in federal prison followed by five years of supervised release. After his release to a community correction center in November 2016, defendant took up residence in New York, where he was required to register as a sex offender (see Correction Law § 168-a [2] [d] [iii]). Although the Board of Examiners of Sex Offenders prepared a risk assessment instrument in January 2017 that presumptively classified defendant as a risk level one sex offender with a total of 60 points (30 points under risk factor 5 [age of victim] and 30 points under risk factor 9 [number or nature of prior crimes]), the Board sought an upward departure to risk level two — citing, among other factors, defendant's admitted addiction to child pornography and the content of certain of the images found on his computer and/or external hard drive. At the risk level classification hearing that followed, the People argued in favor of assessing an additional 30 points under risk factor 3 (number of victims), as well as an additional 20 points under risk factor 7 (relationship with victim), resulting in a total score of 110 and a presumptive risk level three classification, and sought an override based upon defendant's purported inability to control his behavior. In so doing, the People relied heavily upon a federal presentence investigation report [FN1]. Defendant sought a downward departure, arguing that the imposition of points under both risk factors 3 and 7 — although permissible — was excessive under the circumstances, and opposed the People's request for an override. County Court assessed additional points under risk factors 3 and 7, classified defendant as a risk level [*2]three sex offender, denied the People's request for an override and denied defendant's request for a downward departure. Defendant now appeals.
We affirm. Although the "short form order" utilized by County Court contains the "ordered" language required to constitute an appealable paper, the written order fails to set forth the findings of fact and conclusions of law required by Correction Law § 168-n (3) (see People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]). The hearing transcript is similarly deficient as it does not contain clear and detailed oral findings to support County Court's risk level classification (see People v Hemmes, 110 AD3d 1387, 1388 [2013]). That said, as the record is sufficient to permit this Court to make its own factual findings and legal conclusions, remittal is not required (see People v Parris, 153 AD3d 68, 74 [2017], lv denied 30 NY3d 904 [2017]; People v Hemmes, 110 AD3d at 1388).
Defendant argues that the imposition of additional points under both risk factors 3 and 7, which resulted in his presumptive risk level three classification, constitutes impermissible double counting and overestimates his risk of reoffending. To the extent that defendant adequately preserved this argument for our review, the Court of Appeals indeed has recognized "that scoring points under [risk] factors 3 and 7 may overestimate the risk of reoffense and danger to the public posed by quite a few child pornography offenders" (People v Gillotti, 23 NY3d 841, 860 [2014]; see People v Johnson, 11 NY3d 416, 420-421 [2008]); however, the Court also has acknowledged that the risk assessment guidelines permit imposing points under the cited risk factors and, further, that any overestimation in this regard may be addressed through the discretionary downward departure process (see People v Gillotti, 23 NY3d at 860).
To that end, although there is no question that County Court erroneously applied the clear and convincing evidence standard to defendant's request for a downward departure, "remittal is unnecessary inasmuch as the record is sufficient to enable this Court to review defendant's contentions under the proper standard," i.e., preponderance of the evidence (People v Simons, 157 AD3d 1063, 1065 [2018]). As to the proof adduced, aside from stating that the assessment of points under risk factors 3 and 7 "resulted in an excessive score" and asserting that defendant had "fathered two children and . . . has had healthy adult relationships," defense counsel offered no further argument or evidence in support of defendant's request for a downward departure. The People, on the other hand, established that defendant possessed 300 images and 130 videos of child pornography, including one five-minute video depicting a six- or seven-year-old girl, bound to a chair with her hands tied, struggling and crying as she was sexually assaulted by two adult males. The case summary tendered by the People also contained an admission by defendant that he had been viewing child pornography for approximately five years, utilizing a laptop computer and an external hard drive to store hundreds of files; despite knowing that this activity was illegal, defendant acknowledged that he could not stop downloading child pornography. In light of such proof, and taking into account that defendant failed to explain the manner in which the assessment of points under risk factors 3 and 7 "overestimated his risk of sexual recidivism or to otherwise offer any proof in mitigation" (People v Kemp, 163 AD3d 1339, 1342 [2018]), we do not find that County Court abused its discretion in denying defendant's request for a downward departure and in classifying him as a risk level three sex offender. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Devine J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The federal presentence investigation report is not included in the record on appeal and apparently is unavailable.