People v Anthony (2019 NY Slip Op 03115)





People v Anthony


2019 NY Slip Op 03115


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

526246

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALIK ANTHONY, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


John Ferrara, Monticello, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (McDonough, J.), entered November 21, 2017 in Albany County, which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
In 2004, defendant pleaded guilty to rape in the second degree and was sentenced to 2 to 4 years in prison. In 2007, in anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art
6-C) designating defendant as a presumptive risk level three sex offender (140 points). Following a hearing, Supreme Court (Teresi, J.) reduced the total number of points assessed to 125 and issued an order classifying defendant as a risk level three sex offender. Defendant did not appeal from this order. In 2017, defendant sought a modification of his risk level classification pursuant to Correction Law § 168-o (2), seeking a risk level two classification. After obtaining an updated recommendation from the Board and conducting a hearing, Supreme Court (McDonough, J.) denied the request. Defendant appeals.
We affirm. "Correction Law § 168-o (2) permits a sex offender required to register under [the Sex Offender Registration Act] to petition annually for modification of his [or her] risk level classification" (People v Lashway, 25 NY3d 478, 483 [2015]; see People v Lesch, 126 AD3d 1261, 1262 [2015], lv denied 26 NY3d 905 [2015]). The burden is on the sex offender to establish by clear and convincing evidence that the requested modification is warranted, and the trial court's determination will not be disturbed absent an abuse of discretion (see People v Lashway, 112 AD3d 1235, 1236 [2013], affd 25 NY3d 478 [2015]; People v Wright, 78 AD3d 1437, 1438 [2010]). Initially, although defendant challenges the propriety of the 2007 order in his modification application, including the assessment of points in certain risk factors in the risk level determination, these challenges should have been raised on a direct appeal of that order (see [*2]Correction Law § 168-n [3]), rather than an application pursuant to Correction Law § 168-o (2)[FN1]. Correction Law § 168-o "does not provide a vehicle for reviewing whether [a] defendant's circumstances were properly analyzed in the first instance to arrive at his [or her] risk level" (People v David W., 95 NY2d 130, 140 [2000]). Rather, the relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof (see e.g. People v Lesch, 126 AD3d at 1261; People v Wright, 78 AD3d at 1438).
In 2007, defendant was assessed 10 points in risk factor 8 based upon a juvenile delinquency adjudication. As this Court determined in 2015 that such adjudications cannot be considered crimes for purposes of the risk assessment instrument (see People v Shaffer, 129 AD3d 54, 55-56 [2015]), the issue of whether this decision constituted a change of circumstances warranting a modification was properly raised in defendant's application. We note, however, that even if defendant had not been assessed those 10 points, he still would have been a presumptive risk level three sex offender. Defendant also argues that a modification is warranted based upon, among other things, the fact that he has not committed a sex crime since his 2004 rape conviction and his threat to reoffend is lessened because, as opposed to his 2007 unsupervised release from prison, he is currently under probation supervision based upon a subsequent conviction. Further, defendant also relies on submitted letters of support, the fact that he completed a substance abuse treatment program in prison, that he has a stable home life and he is currently employed.
The record reflects, however, that, since his 2007 release from prison, defendant has been convicted of robbery in the third degree in 2008 and criminal contempt in the second degree in 2012, and has multiple convictions related to failing to properly register as a risk level three sex offender. Moreover, there is no proof in the record that defendant has completed a sex offender treatment program. Under these circumstances, it was not an abuse of discretion for Supreme Court to determine that defendant did not demonstrate by clear and convincing evidence that a modification of his risk level assessment is warranted, and its decision denying his application will not be disturbed (see People v Lesch, 126 AD3d at 1262; People v Wright, 78 AD3d at 1438).
Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Defendant's contention that he was deprived of the right to appeal the 2007 order due to the ineffective assistance of counsel, because counsel advised him that she would file the notice of appeal but failed to do so, pertains to matters outside of the record. His remedy for this alleged failure was to move before the trial court to vacate the 2007 order, as this would have provided the opportunity to develop a record for review (see People v Eiss, 158 AD3d 905, 907 [2018], lv denied 31 NY3d 907 [2018]; People v Johnson, 142 AD3d 1061, 1061 [2016], lv dismissed 28 NY3d 1104 [2016]).