People v Byrd (2019 NY Slip Op 03220)





People v Byrd


2019 NY Slip Op 03220


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


528 KA 17-01806

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAKUR BYRD, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), entered October 10, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that Supreme Court failed to consider his request for a downward departure from his presumptive risk level, requiring remittal. We reject that contention. "[T]he court's findings of fact rendered in conjunction with its oral decision are clear, supported by the record and sufficiently detailed to permit intelligent appellate review" (People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013] [internal quotation marks omitted]; cf. People v Filkins, 107 AD3d 1069, 1070 [3d Dept 2013]). Here, defendant advanced a single ground in support of his request for a downward departure, and the court explicitly denied that request on the record. To the extent that defendant contends that the court erred in denying his request, we conclude that he "failed to meet his burden of demonstrating by a preponderance of the evidence how th[e] alleged mitigating factor would tend to reduce the risk of his own recidivism or danger to the community" (People v Loughlin, 145 AD3d 1426, 1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court