People v Smilowitz (2019 NY Slip Op 08755)





People v Smilowitz


2019 NY Slip Op 08755


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

528856

[*1]The People of the State of New York, Respondent,
v
Bruce Smilowitz, Appellant.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


E. Stewart Jones Hacker Murphy, Troy (Julie A. Nociolo of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court, entered August 23, 2018 in Albany County (Breslin, J.), which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
In 1991, defendant pleaded guilty to attempted rape in the first degree and was sentenced to 3½ to 7 years in prison. On January 21, 1996, the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) went into effect (L 1995, ch 192) requiring defendant to register (see Correction Law § 168-g), and defendant was classified as a risk level two sex offender pursuant to SORA. In January 2006, SORA was amended to, among other things, increase the time required for a risk level two sex offender to register from 10 years to life (see Correction Law § 168-h [2], as amended by L 2006, ch 1, § 3). In 2008, petitioner consequently sought a risk level redetermination hearing (see Doe v Pataki, 481 F3d 69, 72-75 [2d Cir 2007]), after which he was classified as a risk level two sex offender and designated a sexually violent offender under SORA (see Correction Law art 6-C). In 2017, defendant applied for a modification of his risk level classification pursuant to Correction Law § 168-o (2), seeking, among other things, to be reclassified as a risk level one sex offender. After obtaining an updated recommendation from the Board of Examiners of Sex Offenders and conducting a hearing, Supreme Court denied the request. Defendant appeals.
We affirm. "Correction Law § 168-o (2) permits a sex offender required to register under SORA to petition annually for modification of his [or her] risk level classification" (People v Lashway, 25 NY3d 478, 483 [2015]; accord People v Anthony, 171 AD3d 1412, 1413 [2019]; People v Springs, 162 AD3d 917, 918 [2018], lv denied 32 NY3d 905 [2018]). "The burden is on the sex offender to establish by clear and convincing evidence that the requested modification is warranted, and the trial court's determination will not be disturbed absent an abuse of discretion" (People v Anthony, 171 AD3d at 1413; see Correction Law § 168-o [2]; People v Lashway, 25 NY3d at 483; People v McClinton, 153 AD3d 738, 739 [2017]; People v Lesch, 126 AD3d 1261, 1262 [2015], lv denied 26 NY3d 905 [2015]; People v Wright, 78 AD3d 1437, 1438 [2010]). "[T]he relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Anthony, 171 AD3d at 1413; see People v Lesch, 126 AD3d at 1261; People v Wright, 78 AD3d at 1438).
In support of his application, defendant posited that modification was warranted based upon submitted letters of support, his completion of a sex offender program, his acceptance of responsibility and the fact that he has a stable home life, a longtime girlfriend and is steadily employed on a full-time basis. Defendant further relied upon a psychologist's evaluation and her October 2017 updated sexual reoffense risk assessment (hereinafter the assessment) in which she found that defendant exhibited a "[v]ery [l]ow" (emphasis omitted) risk of sexually reoffending and that he has not committed another sex offense since his 1991 conviction. At the hearing, however, the psychologist who conducted the evaluation acknowledged that, at the time that she completed her evaluation and assessment, she was unaware that defendant's sexual offense involved violence and that an actual rape had occurred. The hearing testimony reflects that, when defendant described his underlying offense to the psychologist, he reported that the underlying sexual offense involved "an adult female who was not consenting to his sexual advances and [that] he attempted to rape her." The underlying offense, however, was far more violent. On the night in question, defendant met the victim at a bar and later convinced her to give him a ride home. After arriving at defendant's residence, the victim rejected his sexual advances and had to fight him off in order to free herself from the vehicle. As the victim ran away, defendant chased her down the street, knocked her to the ground, struck her face and then held her down as he forcibly raped her.[FN1] The psychologist conceded that, after learning of the actual nature of defendant's offense, she did not subsequently question defendant about this and did not update her assessment, despite her concession that such information would have been relevant. Instead, she opined that such information would not have changed her ultimate conclusion with regard to defendant's risk of sexual recidivism.
Although the Board concluded in its updated recommendation that it was "not opposed to a downward modification" of defendant's risk level classification to a risk level one, the Board's position was based upon, among other things, the psychologist's assessment and the misinformation that was provided to her by defendant. Moreover, Supreme Court was "not bound by the Board's recommendation, from which it may depart in considering the record" before it (People v Lashway, 25 NY3d at 483; accord People v McClinton, 153 AD3d at 739; see also Correction Law § 168-n [2], [3]). In view of the foregoing, as well as defendant's subsequent criminal history involving at least one additional period of incarceration, Supreme Court found that defendant did not establish by clear and convincing evidence that his risk level should be reduced, and, upon review, we discern no abuse of discretion in Supreme Court's denial of defendant's application (see People v Anthony, 171 AD3d at 1414; People v Springs, 162 AD3d at 918; People v Lesch, 126 AD3d at 1262; People v Wright, 78 AD3d at 1438).
Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Defendant's landlord called the police that night after hearing a woman screaming and, when police arrived, defendant fled into the nearby woods where he was later captured. Upon locating the victim, police discovered that her shirt had been ripped from her shoulder, her right eye was bruised and she had a cut on her lip.