People v Garcia-Restrepo (2025 NY Slip Op 06195)

People v Garcia-Restrepo

2025 NY Slip Op 06195

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-02225

[*1]The People of the State of New York, respondent,
v
Sebastian Garcia-Restrepo, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 21, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender. On appeal, the defendant challenges the assessment of 15 points under risk factor 11.
In order to support the assessment of points under risk factor 11, "the People must show by clear and convincing evidence that the offender used [drugs or] alcohol in excess either at the time of the crime or repeatedly in the past" (People v Palmer, 20 NY3d 373, 378; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]).
Here, the People failed to establish by clear and convincing evidence that the defendant used alcohol or marijuana in excess at the time of the offense or repeatedly in the past (see People v Palmer, 20 NY3d at 379; People v Crane, 236 AD3d 1422, 1423; People v Leon, 172 AD3d 765, 766; People v Trotter, 163 AD3d 729, 730; People v Madison, 153 AD3d 737, 738). The defendant's statement to the police was ambiguous as to whether he abused alcohol at the time of the offense, and in his statement to a probation officer, the defendant unequivocally denied being high or intoxicated when he committed the offense (see People v Palmer, 20 NY3d at 379; People v Crane, 236 AD3d 1422, 1423; People v Leon, 172 AD3d 765, 766; People v Trotter, 163 AD3d 729, 730; People v Madison, 153 AD3d 737, 738). There also was insufficient evidence that the defendant abused drugs or alcohol repeatedly in the past (see People v Leon, 172 AD3d at 766; People v Trotter, 163 AD3d at 730). Without the assessment of points under risk factor 11, the defendant's point total was 60, which is within the range for a presumptive level one designation. Accordingly, the Supreme Court should have designated the defendant a level one sex offender.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court