THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DAMATO, Appellant. [873 NYS2d 116]—

Appeal by the defendant from an order of the County Court, Suffolk County (Braslow, J.), dated July 25, 2007, which, without a hearing, in effect, granted the motion of the People of the

State of New York for an upward modification of his risk level, and designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion for an upward modification of the defendant's risk level is denied, and the defendant is designated a level one sex offender.

In 2005, the defendant was convicted of sexual misconduct and sentenced to a six-year term of probation. Upon the recommendation of the People of the State of New York (hereinafter the People), the sentencing court designated the defendant a level one sex offender pursuant to the Sex Offender Registration Act (hereinafter SORA) (see Correction Law § 168-d [3]).

In 2007 the Suffolk County Department of Probation, alleging that the defendant violated certain conditions of probation, commenced a violation of probation proceeding against the defendant. Subsequently, the defendant admitted all of the allegations in the petition. Based on those admissions, the sentencing court revoked the defendant's probation, and sentenced the defendant to a term of imprisonment of one year.

Soon thereafter, the People moved for an upward modification of the defendant's risk level. In support of their motion, the People noted that after the defendant's initial risk level determination, he was found to have violated certain conditions of probation. The People asserted that based on the conduct underlying the sex offense, as well as the conduct underlying the violation of probation, the court should assess a particular amount of points for certain risk factors that would result in the defendant being designated a level three sex offender.

In the order appealed from, the court, without a hearing, assessed all the points that the People sought to have the court assess, in effect, granted the People's motion, and designated the defendant a level three sex offender. We reverse.

Correction Law § 168-o (3) and (4) set forth a specific procedure that the People and the court must follow when the People seek an upward modification of a sex offender's risk level. The People, as well as the court, failed to follow that procedure in numerous respects. For example, the People, who are required to file a petition that "set[s] forth the level of notification sought, together with the reasons for seeking such determination" (Correction Law § 168-o [3]), did not file a petition, but rather, made a motion. In addition, the court, which is required to "forward a copy of the petition" that the People filed to the Board of Examiners of Sex Offenders (hereinafter the Board) for a "recommendation pertaining to the sex offender" (Correc-

tion Law § 168-*o* [4]), never sought the Board's involvement in the matter. Furthermore, although Correction Law § 168-*o* (4) indicates that the court is required to conduct a hearing on the petition at which the sex offender may submit relevant materials and evidence, the court failed to conduct such a hearing.

Under these circumstances, the order appealed from must be reversed, the People's motion must be denied, and the defendant must be designated a level one sex offender. However, our determination is without prejudice to the People seeking an upward modification of the defendant's risk level by filing a petition pursuant to Correction Law § 168-*o* (3) for that relief.

The defendant's remaining contentions are without merit or have been rendered academic in light of our determination. Mastro, J.P., Florio, Balkin and Eng, JJ., concur.