Rose, J.
Appeal from an order of the County Court of Washington County (Hall Jr., J.), entered July 17, 2013, which *1368 denied defendant’s application pursuant to Correction Law § 168-0 (2) for reclassification of his sex offender risk level status.
Defendant pleaded guilty to rape in the first degree and was sentenced to 8V3 to 25 years in prison. As his release to parole supervision neared in 2011, defendant was adjudicated to be a risk level three sexually violent offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). Approximately two years later, he petitioned for a downward modification in his risk level status pursuant to Correction Law § I68-0 (2). County Court denied the application, and defendant now appeals.
We affirm. Defendant, as a sex offender seeking a downward modification of his risk level classification, bore the burden of demonstrating by clear and convincing evidence that the proposed modification was warranted (see Correction Law § I68-0 [2]; People v David W., 95 NY2d 130, 140 [2000]; People v Lashway, 112 AD3d 1235, 1236 [2013], lv granted 22 NY3d 865 [2014]). County Court acknowledged here that defendant has taken significant strides since his release from prison, including having completed two courses of sex offender treatment and commencing a third, establishing a stable residence, finding employment as a mechanic, becoming romantically involved with an adult and complying with the terms of his parole. Moreover, defendant submitted a recent psychiatric and risk assessment finding that his “risk of recidivism is remote.” The Board of Examiners of Sex Offenders nevertheless recommended that his risk level not be modified, pointing out that he had been in the community for a relatively short period of time and that his positive adjustment to release may be attributable to the external controls on his behavior imposed by parole supervision. County Court agreed with the Board and denied defendant’s application, although it encouraged him to continue participating in sex offender treatment and to reapply after his parole supervision ended. Inasmuch as our review of the record does not disclose that County Court abused its discretion in doing so, we will not disturb its decision (see People v Lashway, 112 AD3d at 1236-1237; People v Wright, 78 AD3d 1437, 1438 [2010]).
Lahtinen, J.R, McCarthy, Egan Jr. and Lynch, JJ., concur.
Ordered that the order is affirmed, without costs.