Garry, J.P.
 

 Appeal from an order of the County Court of Warren County (Hall Jr., J.), entered April 4, 2016, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
 

 In full satisfaction of a multicount indictment, defendant pleaded guilty to one count of sexual abuse in the first degree (involving an 11-year-old girl) and one count of sexual abuse in the second degree (involving a 13-year-old girl) and was sentenced to a prison term of three years followed by five years of postrelease supervision. In anticipation of defendant’s release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level three sex offender (130 points). Defendant initially waived but ultimately was granted a hearing, at the conclusion of which County Court reduced the number of points awarded under risk factor 2 (sexual contact with victim) from 25 points to 10 points—resulting in a total score of 115 points. County Court thereafter issued an order classifying defendant as a risk level three sex offender, prompting this appeal.
 

 Defendant initially contends that County Court erred in relying upon the victims’ respective hearsay statements to assess points under risk factors 2 and 6 in the first instance and, further, was inconsistent in its subsequent use thereof. We disagree. The case law makes clear that “[t]he People may use reliable hearsay, including case summaries and victim statements, to establish the appropriateness of a point assessment” (People v Smith, 128 AD3d 1189, 1189 [2015]; see People v Mingo, 12 NY3d 563, 571-572 [2009]; People v Snay, 122 AD3d 1012, 1013 [2014], lv denied 24 NY3d 916 [2015]). As nothing in the record suggests that the victims’ statements were “equivocal,” “inconsistent” or otherwise “dubious” (People v Willette, 67 AD3d 1259, 1260 [2009] [internal quotation marks and citation omitted], lv denied 14 NY3d 704 [2010]), we find no error in County Court’s use of such statements.
 

 Nor are we persuaded that County Court inconsistently credited one victim’s statement as to the points assessed under risk factor 6 but discounted the statement as to the points assessed under risk factor 2. Although the court reduced the number of points imposed under risk factor 2, it did not do so because it found the subject statement to be unreliable. Rather, the court concluded that, while such statement established—by clear and convincing evidence—that contact under the relevant victim’s clothing occurred, it did not establish that either sexual intercourse, deviate sexual intercourse or aggravated sexual abuse occurred. Accordingly, we discern no inconsistency in County Court’s use of the subject statement relative to the cited risk factors.
 

 To the extent that defendant argues that County Court engaged in impermissible double counting by assessing 20 points under both risk factor 5 (age of victim) and risk factor 6 (other victim characteristics), again we disagree. Here, the People established that at least one of the victims was asleep at the time of the incident and, therefore, was physically helpless. “As the victim’s physical helplessness was not the result of, or in any way connected with, her age, assessing points in both categories did not constitute impermissible double counting” (People v Miller, 149 AD3d 1279, 1281 [2017] [internal quotation marks, brackets and citations omitted]).
 

 As for defendant’s request for a downward departure from the presumptive risk level classification, defendant relies upon two other risk assessments—one prepared by the local Probation Department and one prepared by the Department of Corrections and Community Supervision—indicating that he possessed a low to “low moderate” risk of reoffending. Defendant was required to demonstrate, “by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines so as to warrant a downward departure” (id. at 1282 [internal quotation marks and citation omitted]; see People v Gillotti, 23 NY3d 841, 861-863 [2014]). To our analysis, merely tendering an alternative evaluation or assessment does not suffice, and we find that defendant otherwise failed to meet his burden of proof on this point. Accordingly, County Court did not abuse its discretion in denying defendant’s request for a downward departure.
 

 Finally, defendant asserts that his 2004 conviction of endangering the welfare of a child did not have a sexual component to it, such that this conviction should not count as a prior sex crime for purposes of risk factor 9, and counsel was ineffective for failing to challenge the points assessed thereunder. However, the circumstances underlying defendant’s endangering the welfare of a child conviction are not at all apparent from the record, leaving us with only defendant’s unsubstantiated assertion that no sexual conduct was implicated in connection therewith. For that reason, and considering the full record and the fact that counsel made appropriate arguments upon defendant’s behalf and succeeded in reducing the overall number of points assessed, we are satisfied that defendant received meaningful representation (see People v Nichols, 80 AD3d 1013, 1014 [2011]). Accordingly, County Court’s order is affirmed.
 

 Egan Jr., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.