People v Hartwick (2020 NY Slip Op 01862)





People v Hartwick


2020 NY Slip Op 01862


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

523953

[*1]The People of the State of New York, Respondent,
v
Jason A. Hartwick, Appellant.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Tracy Donovan Laughlin, Oneonta, for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from an order of the County Court of Cortland County (Ames, J.), entered June 3, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act, and (2) from an order of said court, entered April 26, 2017, which reclassified defendant pursuant to Correction Law § 168-o (2) as a risk level two sex offender.
Defendant pleaded guilty in 2009 to the reduced charge of attempted rape in the first degree and was sentenced to seven years in prison followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender (70 points). Based upon statements made by defendant in the presentence investigation report and certain letters authored by him, the Board sought an upward modification to a risk level three classification — a request in which the People joined.
Following a hearing, County Court, noting defendant's disciplinary infractions while confined, assessed defendant an additional 10 points under risk factor 13, resulting in a presumptive risk level two classification (80 points). Citing defendant's violation of an order of protection issued in favor of the victim and his threats to kill his stepfather, as well defendant's admissions to the Probation Department that he was, among other things, preoccupied with sex, County Court concluded that an upward modification was warranted and classified defendant as a risk level three sex offender with a sexually violent offender designation. Defendant appealed from County Court's resulting June 2015 order.
In October 2016, defendant sought to be reclassified as a risk level one sex offender (see Correction Law § 168-o [2]). Following a hearing, the People consented to reclassifying defendant as a risk level two sex offender, and County Court, citing defendant's successful completion of both substance abuse and sex offender treatment programs, his continued employment and positive parole supervision history, reclassified defendant as a risk level two sex offender and continued his designation as a sexually violent offender. Defendant also appealed from County Court's April 2017 reclassification order.
Preliminarily, inasmuch as defendant, by order entered April 26, 2017, has been reclassified as a risk level two sex offender, his appeal from County Court's June 2015 order classifying him as a risk level three sex offender is moot; as the exception to the mootness doctrine is inapplicable, that appeal must be dismissed (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). With respect to his appeal from County Court's April 2017 order, defendant argues that County Court abused its discretion in denying his request to be reclassified as a risk level one sex offender. We disagree.
"Pursuant to Correction Law § 168-o (2), a sex offender who is required to register under the Sex Offender Registration Act may seek a downward modification of his or her risk level status, and he or she bears the burden of establishing by clear and convincing evidence that the downward modification is warranted" (People v Lesch, 126 AD3d 1261, 1262 [2015] [citations omitted], lv denied 26 NY3d 905 [2015]; see People v Smilowitz, 178 AD3d 1187, 1188 [2019]; People v Anthony, 171 AD3d 1412, 1413 [2019]). In this regard, the relevant inquiry is whether, subsequent to the initial risk level classification, conditions have changed so as to warrant a modification thereof (see People v Smilowitz, 178 AD3d at 1187-1188; People v Anthony, 171 AD3d at 1413). Absent an abuse of discretion, "the trial court's determination will not be disturbed" (People v Anthony, 171 AD3d at 1413).
As County Court aptly noted, defendant presented documentary evidence attesting to his successful completion of various treatment programs, his acceptance of responsibility, his positive adjustment to the conditions of his parole supervision and his continued employment — all of which, County Court concluded, constituted clear and convincing evidence warranting a modification of defendant's risk level classification. That said, County Court remained troubled by defendant's hearing testimony, wherein defendant revealed that his initial statements to the Probation Department regarding, among other things, his preoccupation with sex were fabricated in a misguided attempt to be confined to a mental health facility instead of a state correctional facility. As County Court found it "impossible to tell whether . . . defendant was [being] untruthful then or now," it concluded that defendant's testimony could not be relied upon and, further, that based upon the credible evidence before it, reclassification of defendant as a risk level two sex offender was warranted. Upon reviewing the record as a whole and according due deference to County Court's findings, we cannot say that the court abused its discretion in this regard. Accordingly, County Court's April 2017 reclassification order is affirmed.
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeal from the order entered June 3, 2015 is dismissed, as moot, without costs.
ORDERED that order entered April 26, 2017 is affirmed, without costs.