People v Austin (2020 NY Slip Op 02506)





People v Austin


2020 NY Slip Op 02506


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

527289

[*1]The People of the State of New York, Respondent,
v
Kevin Austin, Appellant.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Garry, P.J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered July 10, 2018, which denied defendant's application pursuant to Correction Law § 168—o (2) for reclassification of his sex offender risk level status.
In 2012, defendant was classified as a risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6—C) stemming from a 1994 Florida conviction. In 2017, defendant sought a modification of his risk level classification pursuant to Correction Law § 168-o (2). An updated recommendation from the Board of Examiners of Sex Offenders opposed the modification. Following a hearing, County Court denied defendant's request for a modification. Defendant appeals.
We affirm. "Pursuant to Correction Law § 168—o (2), a sex offender who is required to register under the Sex Offender Registration Act may seek a downward modification of his or her risk level status, and he or she bears the burden of establishing by clear and convincing evidence that the downward modification is warranted" (People v Lesch, 126 AD3d 1261, 1262 [2015] [citations omitted], lv denied 26 NY3d 905 [2015]; see People v Lashway, 25 NY3d 478, 483 [2015]; People v Smilowitz, 178 AD3d 1187, 1187 [2019]). "[T]he relevant inquiry regarding Correction Law § 168—o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Anthony, 171 AD3d 1412, 1413 [2019]) and, absent an abuse of discretion, the trial court's decision will not be disturbed (see People v Smilowitz, 178 AD3d at 1187; see People v Anthony, 171 AD3d at 1413).
Defendant contends that modification is warranted based upon the time that has elapsed since he committed the underlying sexual offense 25 years ago, his age, his efforts in treatment and his rehabilitation. However, the record reflects that, although defendant has not been convicted of any other sex offense, he subsequently committed a significant number of criminal offenses, including various alcohol and/or drug-related offenses, and has three outstanding warrants for his arrest in multiple jurisdictions outside of New York. Defendant testified that he completed sex offender treatment, albeit recently, but no further information about the program was provided. Although defendant testified to participating in a substance abuse program for approximately the past three years, he admitted that he quit drinking alcohol only two months prior to the instant hearing. Notwithstanding a letter submitted by a doctor in support of defendant's request for modification, no testimony from the doctor was presented. Moreover, as noted by County Court, the conclusions in the letter as to significant factors regarding defendant's continued stability and substantially diminished risk lacked specificity and were inconsistent with, and at times contradicted by, defendant's testimony — particularly with regard to his stress management, employment status and abstinence with substances. Under these circumstances, we find no abuse of discretion in County Court determining that defendant did not demonstrate by clear and convincing evidence that a modification of his risk assessment level is warranted, and its decision denying defendant's application will not be disturbed (see People v Smilowitz, 178 AD3d at 1189; People v Anthony, 171 AD3d at 1414; People v Lesch, 126 AD3d at 1262).
Egan, Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.