People v Kaminski (2020 NY Slip Op 03431)





People v Kaminski


2020 NY Slip Op 03431


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

526448

[*1]The People of the State of New York, Respondent,
v
Thomas Kaminski, Appellant.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Pritzker and Colangelo, JJ.; Aarons, J., vouched in.


John A. Cirando, Syracuse, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.



Per Curiam.
Appeal from an order of the County Court of Chemung County (Rich Jr., J.), entered February 2, 2018, which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
In 1980, defendant was convicted of the offenses of rape in the first degree and burglary in the first degree. Defendant was sentenced to a term of imprisonment on both convictions (87 AD2d 724-725 [1982], mod 58 NY2d 886 [1983]). In 1996, defendant was classified and registered as a risk level three sex offender pursuant to Correction Law art 6-C. In 2017, defendant filed a petition pursuant to Correction Law § 168-o (2) seeking to remove the registration requirements or, alternatively, reduce his risk level classification to one. After conducting a hearing, but without considering or reviewing an updated recommendation from the Board of Examiners of Sex Offenders, County Court denied defendant's petition. Defendant appeals.
Defendant contends that County Court did not follow proper procedure by failing to consider an updated recommendation from the Board prior to the risk level reclassification hearing. We agree. "[A] sex offender required to register . . . may petition . . . the court which made the determination regarding the level of notification for an order modifying the level of notification" (Correction Law § 168-o [2]; see People v McClinton, 153 AD3d 738, 739 [2017]). The Correction Law requires that, upon receipt of such petition to modify a sex offender's level of notification, "the court shall forward a copy of the petition to the [B]oard and request an updated recommendation pertaining to the sex offender" (Correction Law § 168-o [4]). Upon such a request, the Board must provide an updated recommendation (see Correction Law § 168-l [7]). Generally, only "[a]fter reviewing the recommendation received from the [B]oard and any relevant materials and evidence" may the court grant or deny the petition for modification (Correction Law § 168-o [4]).
Notwithstanding these statutory mandates, the record reflects that County Court failed to comply with them. The parties acknowledged at oral argument that an updated recommendation from the Board was not requested. Furthermore, the court did not review an updated recommendation before denying defendant's petition. Given that these procedural requirements of Correction Law § 168-o (4) were not met, the order must be reversed (see People v Runko, 105 AD3d 927, 928 [2013]; People v Hazen, 103 AD3d 943, 943 [2013]; People v Damato, 58 AD3d 819, 820 [2009]). Finally, we note that, although defendant did not alert the court to these procedural defects at the hearing, the court was required to take the actions provided in Correction Law § 168-o (4) once a modification petition was filed and without any further prompting by the parties.
Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.