People v Stein (2021 NY Slip Op 03086)





People v Stein


2021 NY Slip Op 03086


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

528538 531079
[*1]The People of the State of New York, Respondent,
v
Jacob Stein, Appellant.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Langone & Associates, PLLC, Garden City (Richard M. Langone of counsel), for appellant.
Meagan K. Galligan, District Attorney, Monticello (Leigh G. Wellington of counsel), for respondent.



Lynch, J.
Appeals (1) from an order of the County Court of Sullivan County (LaBuda, J.), entered July 30, 2018, which classified defendant as a risk level three sex offender and designated him as a sexual predator pursuant to the Sex Offender Registration Act, and (2) from an order of said court, entered August 14, 2019, which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
Defendant pleaded guilty to offenses that included possessing a sexual performance by a child (three counts) in 2015, and he was sentenced to a total of 3½ to 10 years in prison. As his 2018 release from prison neared, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6—C) that assessed defendant a total of 30 points, placing him in the risk level one category. The Board nevertheless observed that defendant had been clinically diagnosed with pedophilia disorder in a 2015 report, a disorder that impaired his ability to control impulsive sexual behavior and therefore warranted a presumptive override to the risk level three category. Following a hearing, County Court issued an order, entered in July 2018, adjudicating defendant as a risk level three sex offender and designating him a sexual predator. Defendant thereafter sought a reduction in his risk level classification pursuant to Correction Law § 168-o (2). County Court obtained an updated recommendation from the Board and then, in an order entered in August 2019, denied the application. Defendant appeals from the July 2018 and August 2019 orders.
Dealing first with the July 2018 order, we agree with the parties that County Court erred in designating defendant as a sexual predator and therefore modify the order to delete that designation (see Correction Law § 168-a [3], [7] [a]; People v Briscoe, 172 AD3d 1788, 1789 [2019], lv denied 34 NY3d 902 [2019]). We reject defendant's further argument that he received the ineffective assistance of counsel in the leadup to the order's issuance.
Defendant bases his ineffective assistance claim upon defense counsel's failure to more vigorously challenge the 2015 report, but that report arose out of a court-ordered mental health evaluation, was endorsed by a licensed clinical social worker and another mental health professional (see Education Law § 7701 [2] [a]), and was cited extensively in both the presentence investigation report and the Board's case summary. County Court was accordingly correct in deeming the 2015 report to be admissible "reliable hearsay" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 573 [2009]; People v Farrell, 78 AD3d 1454, 1455 [2010]), and defense counsel cannot be faulted for eschewing additional attacks on its admissibility that stood "little or no chance of success" and instead challenging the relevance of its contents (People v Caban, 5 NY3d 143, 152 [2005] [internal [*2]quotation marks and citation omitted]; see generally People v Madrid, 88 AD3d 674, 675 [2011]). Defense counsel pursued that course in a prudent manner, pointing out inaccuracies in the 2015 report, noting testing results showing that defendant was unlikely to reoffend, and stressing that the report's conclusions were in doubt because defendant had successfully completed sex offender treatment while imprisoned.[FN1] The record as a whole accordingly reflects that defendant received meaningful representation (see People v Lightaul, 138 AD3d 1256, 1258 [2016], lv denied 28 NY3d 907 [2016]).
Turning to the August 2019 order denying defendant's application for reclassification, it was his burden "to establish by clear and convincing evidence that the requested modification [was] warranted, and the trial court's determination will not be disturbed absent an abuse of discretion" (People v Anthony, 171 AD3d 1412, 1413 [2019]; see Correction Law § 168-o [2]; People v Lashway, 25 NY3d 478, 483 [2015]). County Court correctly rejected defendant's efforts to relitigate various issues addressed in the 2018 order, as an application for reclassification is not "a vehicle for reviewing whether [a] defendant's circumstances were properly analyzed in the first instance to arrive at his [or her] risk level" (People v David W., 95 NY2d 130, 140 [2000]; accord People v Anthony, 171 AD3d at 1413). The sole new development pointed to by defendant was his evaluation by a psychiatrist after the issuance of the 2018 order, and he provided a letter in which the psychiatrist made preliminary findings that defendant neither met the diagnostic criteria for pedophilia nor merited a risk level three classification. The psychiatrist's final report was not submitted for review, however, and the limited findings offered in the letter were rendered without a review of the raw data underlying the 2015 report and were based upon an account of defendant's sexual history and offenses that "markedly differ[ed]" from the one referenced in it. The Board accordingly opposed a modification on the ground that defendant had not met his burden of proof and, under the circumstances presented, County Court did not abuse its discretion in agreeing with that assessment (see People v Austin, 182 AD3d 937, 938-939 [2020]; People v Mercado, 117 AD3d 1367, 1368 [2014]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order entered July 30, 2018 is modified, on the law, without costs, by deleting the provision thereof as designated defendant as a sexual predator, and, as so modified, affirmed.
ORDERED that the order entered August 14, 2019 is affirmed, without costs.



Footnotes

Footnote 1: Defendant suggests that defense counsel failed to adequately investigate whether his mental condition had changed following the issuance of the 2015 report, but that issue involves matters outside of the record and should have been raised in a motion to vacate the July 2018 order (see People v Eiss, 158 AD3d 905, 908 [2018], lv denied 31 NY3d 907 [2018]).