People v Green (2022 NY Slip Op 00220)





People v Green


2022 NY Slip Op 00220


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

528354
[*1]The People of the State of New York, Respondent,
v
Gary Green, Appellant.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Albany County (Carter, J.), entered September 10, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2014, defendant pleaded guilty in federal court to the crime of travel with intent to engage in illicit sexual conduct (see 18 USC § 2423 [b]). The federal presentence report documented that defendant, who was 42 years old at the time of the crime, travelled from his home in New York to Ohio and had sexual relations with a 15-year-old girl he had met online. In 2018, prior to his release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level one sex offender (65 points). The People submitted a risk assessment instrument that classified defendant as a risk level two sex offender (90 points). Following a hearing, County Court classified defendant as a risk level two sex offender (75 points), assigning defendant 10 points under risk factor 1 (use of violence — forcible compulsion), 25 points under risk factor 2 (sexual contact with victim — deviate sexual intercourse), 20 points under risk factor 5 (age of victim — 11 through 16) and 20 points under risk factor 7 (relationship with victim — established for the purpose of victimizing). Defendant appeals.
We affirm. Although County Court's short form order contains the "ordered" language required to constitute an appealable paper, the written order fails to set forth the findings of fact and conclusions of law required by Correction Law § 168-n (3) (see People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]). "The hearing transcript is similarly deficient as it does not contain clear and detailed oral findings to support County Court's risk level classification" (People v Coe, 167 AD3d 1175, 1176 [2018] [citation omitted]). That said, as the record is sufficient to permit this Court to make its own factual findings and legal conclusions, remittal is not required (see People v Brown, 190 AD3d 1120, 1122 [2021]; People v Parris, 153 AD3d 68, 74 [2017], lv denied 30 NY3d 904 [2017]).
Defendant argues that County Court erred in assessing him 10 points under risk factor 1 because the People failed to establish that he used forcible compulsion against the victim and that, therefore, he should have been classified as a presumptive level one sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]). The federal presentence investigation report, which County Court seemingly relied upon in assessing defendant 10 points under this factor, contains information that defendant and the victim were sitting in the front seat of defendant's car and that defendant grabbed the back of the victim's head and pushed it into his lap in order for her to perform oral sex [*2]on him. According to the presentence investigation report, the victim then struggled to pull her head away but defendant pushed her head back down. During the testimony at the hearing, defendant admitted that he pushed the victim's head down, but asserted that no force was intended. Given the foregoing, we find that the People established by clear and convincing evidence that defendant used physical force during the underlying crime and that he was therefore properly assessed 10 points under risk factor 1 (see Penal Law § 130.00 [8] [a]; People v Jennings, 122 AD3d 915, 916 [2014], lv denied 24 NY3d 917 [2015]).
Defendant further contends that he received ineffective assistance of counsel because counsel failed to contest the assessment of points under risk factor 7 or request a downward departure to a risk level one sex offender should he be presumptively classified as a risk level two sex offender. We disagree. "[C]ounsel will not be found to be ineffective on the basis that he or she failed to make an argument or motion that has little or no chance of success" (People v Richardson, 162 AD3d 1328, 1332 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1128 [2018]; see People v Strong, 196 AD3d 707, 708 [2021]; People v Stein, 194 AD3d 1201, 1202 [2021], lv denied 37 NY3d 913 [2021]). With respect to risk factor 7 (relationship with the victim — established for the purpose of victimizing), the record reflects that defendant met the victim online and, knowing that she was a minor, exchanged messages with her for several months that were sexual in nature. Defendant sent the victim nude pictures of himself and encouraged the victim to send him nude pictures as well. Although the victim attempted to cut off communication with defendant, he continued to request nude pictures of her and asked if he could come visit and stated that he wanted to have sex with her. Under these circumstances, it can reasonably be inferred that defendant established the relationship with the victim for the primary purpose of victimization, and the assessment of 20 points under risk factor 7 was proper (see People v LaShomb, 161 AD3d 1465, 1466-1467 [2018]; People v Duart, 84 AD3d 908, 909 [2011], lv dismissed 17 NY3d 916 [2011]). Accordingly, contrary to defendant's contentions, counsel had no colorable basis upon which to challenge the points assessed.
As for defendant's assertion that counsel should have requested a downward departure, a party seeking a downward departure must demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines (see People v Kemp, 163 AD3d 1339, 1341 [2018], lv denied 32 NY3d 919 [2019]; People v Deming, 155 AD3d 1262, 1263 [2017], lv denied 30 NY3d 911 [2018]). Defendant criticizes counsel for failing to present, as mitigating factors, his lack of criminal history, the fact that he was sentenced to 10 years of [*3]postrelease supervision, his age at the time of the hearing and his participation in treatment while incarcerated. However, defendant's lack of criminal history and 10-year postrelease supervision sentence are taken into account by the risk assessment guidelines and, thus, cannot form the basis for a downward departure (see People v Holton, 193 AD3d 1212, 1213 [2021]; People v Saintilus, 169 AD3d 838, 839 [2019], lv denied 33 NY3d 907 [2019]). Additionally, defendant's age of 48 at the time of the hearing does not demonstrate that he was of such an "advanced age" so as to minimize his risk of reoffense and warrant a downward departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5; see People v Holton, 193 AD3d at 1213; People v Gressler, 166 AD3d 1249, 1249 [2018], lv denied 32 NY3d 918 [2019]). Finally, an offender's response to treatment, if exceptional, can form the basis for a downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17). However, defendant's testimony on this point demonstrated that his treatment participation was minimal, and the People presented some evidence that he had declined to participate in a sex offender treatment program while incarcerated. In light of the foregoing, and given that counsel made appropriate objections at the hearing and successfully challenged the assessment of points in one risk factor, we are satisfied that defendant received meaningful representation (see People v Gressler, 166 AD3d at 1250; People v Butler, 161 AD3d 1232, 1232-1233 [2018], lv denied 32 NY3d 904 [2018]).
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.