People v West (2022 NY Slip Op 00349)





People v West


2022 NY Slip Op 00349


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

533338
[*1]The People of the State of New York, Respondent,
v
Henry West, Appellant.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the County Court of Schenectady County (Sypniewski, J.), entered April 26, 2021, which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
In 1986, defendant was convicted upon his guilty plea of, as is relevant here, attempted rape in the first degree (People v West, 140 AD2d 852 [1988]). While on parole, the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) was enacted and, in 1998, he was classified as a risk level three sex offender. As defendant was further convicted in 1997 of rape in the first degree, among other crimes, and sentenced to an aggregate prison term of 25 years to life (People v West, 257 AD2d 767 [1999], lv denied 93 NY2d 880 [1999]), he remains incarcerated at this time.[FN1]
In 2004, following a hearing and upon his consent, defendant was redetermined to be a risk level three sex offender. In 2018, defendant filed a pro se motion to modify his risk level classification from a risk level three to a risk level one, pursuant to Correction Law § 168-o (2). Defendant, represented by counsel, later changed the modification request, seeking a risk level two designation. An updated recommendation from the Board of Examiners of Sex Offenders opposed the modification, as did the People. Following a hearing, County Court denied defendant's request for a modification.[FN2] Defendant appeals.
"Pursuant to Correction Law § 168-o (2), a sex offender who is required to register under [SORA] may seek a downward modification of his or her risk level status, and he or she bears the burden of establishing by clear and convincing evidence that the downward modification is warranted" (People v Hartwick, 181 AD3d 1098, 1099 [2020] [internal quotation marks and citations omitted]; see People v Smilowitz, 178 AD3d 1187, 1187 [2019]). The relevant inquiry is whether conditions have changed, subsequent to the initial risk level classification, so as to warrant a modification thereof (see People v Austin, 182 AD3d 937, 938 [2020]; People v Anthony, 171 AD3d 1412, 1413 [2019]). The trial court's determination in this regard will not be disturbed, absent an abuse of discretion (see People v Lashway, 25 NY3d 478, 483 [2015]; People v Stein, 194 AD3d 1201, 1203 [2021], lv denied 37 NY3d 913 [2021]; People v Hartwick, 181 AD3d at 1099).
Defendant asserted that a downward modification is warranted based upon his professed abstinence from alcohol use for over 20 years, documentary evidence of his participation in a sex offender treatment program, and his limited prison disciplinary history. As to defendant's sobriety, while laudable, County Court noted that his achievement has been maintained solely while incarcerated. It was likewise noted that defendant has provided no proof of his successful completion of the sex offender treatment program. County Court further emphasized that, despite defendant's limited disciplinary [*2]history while incarcerated, his criminal history reflects multiple sex offenses against children shortly after being paroled or without supervision, and he has made no showing that he is now able to reside in the community without the highest level of supervision. We also note that the record reflects that when defendant consented to the 2004 redetermination classifying him as a risk level three sex offender, he told the court that his reasoning was based, in part, upon the fact that he was being housed in the correction facility's mental health unit and that he thought "he need[ed] to stay there." In seeking a downward modification of his risk level classification, he has provided no evidence regarding his current mental health status and how it may, if at all, impact upon his risk level assessment. In view of the forgoing, we find that the court did not abuse its discretion in finding that defendant failed to demonstrate by clear and convincing evidence that a modification of his risk level classification is warranted and, thus, its decision denying defendant's application will not be disturbed (see People v Austin, 182 AD3d at 938-939; People v Anthony, 171 AD3d at 1413-1414).
Clark, Pritzker and Colangelo, JJ., concur.
Ordered that the order is affirmed, without costs.



Footnotes

Footnote 1: According to the People, a SORA risk level classification has not been issued on those crimes.

Footnote 2: Although County Court's form order states that "the [c]ourt hereby grants the [p]etition of the [d]efendant," it states, on the next line, that "[d]efendant's risk factor is hereby not modified from a [risk l]evel [three]," and the court's bench decision indicates that it was denying the application for reclassification.