People v Arroyo (2022 NY Slip Op 00913)





People v Arroyo


2022 NY Slip Op 00913


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

527361
[*1]The People of the State of New York, Respondent,
v
Freddy J. Arroyo, Appellant.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

John A. Cirando, Syracuse, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Broome County (Dooley, J.), entered July 12, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In June 2018, defendant, then 28 years old, pleaded guilty to criminal sexual act in the third degree stemming from his engagement in sexual acts with a 16-year-old female. As a result, defendant was sentenced to six months in jail and a 10-year term of probation. In July 2018, County Court conducted a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) to determine defendant's risk level classification. The risk assessment instrument (hereinafter RAI) prepared by the People assessed defendant a total of 90 points under risk factors 2 (sexual contact with victim), 4 (duration of offense), 5 (age of the victim), 9 (criminal history), 12 (acceptance of responsibility) and 15 (living situation) and, thus, presumptively placed him at a risk level two classification. Defendant argued that points were improperly assessed under risk factors 12 and 15, and that a downward departure was warranted. Based upon the arguments at the hearing and its review of the People's RAI and defendant's presentence investigation report, the court determined that points were properly assessed under risk factor 12 but not risk factor 15, resulting in a total assignment of 80 points and a presumptive risk level two classification. It was further determined that a downward departure was not warranted. Defendant appeals.
Defendant initially contends that County Court improperly assessed him points under risk factor 12, arguing that his acceptance of responsibility for his actions is evinced by his guilty plea and his statement during his presentence investigation interview that he was "embarrassed." He further argues, however, that the evidence supports the conclusion that the victim participated willingly, was emotionally attached to defendant and that, according to defendant, he had been misled by the victim into believing that she was 17 years old. Despite his guilty plea, which may be some indication of an offender's acceptance of responsibility (see People v Middlemiss, 153 AD3d 1096, 1097 [2017], lv denied 30 NY3d 906 [2017]), we agree with the court's conclusion that defendant's consistent shifting of the blame to the victim without regard to how his actions may have adversely impacted her is indicative of his attempts to minimize his behavior and ultimate failure to properly accept responsibility for his actions. As the Sex Offender Registration Act guidelines provide that "[a]n offender who does not accept responsibility for his [or her] conduct or minimizes what occurred is a poor prospect for rehabilitation" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Hackel, 185 AD3d 1118, 1119 [2020]; People v Mathews, 181 AD3d 1103, 1104 [2020]), we find that 10 points were properly [*2]assessed under risk factor 12.
Defendant next contends that County Court abused its discretion in denying his request for a downward departure to a risk level one classification. "Whether to grant a downward departure from the presumptive risk level is a matter within the sound discretion of the trial court and is only warranted where a mitigating factor exists that is not otherwise taken into account by the guidelines" (People v Filkins, 107 AD3d 1069, 1070 [2013] [citations omitted]; see People v Wilson, 167 AD3d 1192, 1193 [2018]). In support of a downward departure, defendant emphasized evidence of the victim's willingness to engage in sexual conduct and his treatment of the victim, as well as his assertion that she lied about her age when they first met online. Despite evidence that no force was used in the underlying sexual conduct, the court nevertheless discredited defendant's assertion that he was unaware of the victim's actual age and further found that the victim's participation was accomplished by defendant taking advantage of her vulnerability resulting from her age and living situation. In view of the foregoing, we find no abuse of discretion in the court's denial of defendant's request for a downward departure (see People v Graziano, 140 AD3d 1541, 1542-1543 [2016], lv denied 28 NY3d 909 [2016]; People v King, 72 AD3d 1363, 1364 [2010]; compare People v Burke, 68 AD3d 1175, 1176 [2009]).
Finally, we reject defendant's contention that he was denied the effective assistance of counsel. Defense counsel successfully challenged the assessment of points under one risk factor of the RAI and actively argued in favor of a downward departure. Moreover, in view of our determination as to whether a downward departure was warranted, we find no issue with defense counsel's failure to present his own documentary or testimonial evidence — in lieu of that presented by the People — of the victim's willing participation or her alleged misrepresentation of her age to defendant, as counsel cannot be faulted for failing to support arguments that have "little or no chance of success" (People v Smith, 199 AD3d 1188, 1190 [2021] [internal quotation marks and citations omitted]; see People v Stein, 194 AD3d 1201, 1202 [2021], lv denied 37 NY3d 913 [2021]). Notably, defense counsel argued in defendant's favor using the victim's written statement to police. Accordingly, "[v]iewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation" (People v Remonda, 158 AD3d 904, 905 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 910 [2018]; see People v Lightaul, 138 AD3d 1256, 1258 [2016], lv denied 28 NY3d 907 [2016]).
Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.