People v Guilianelle (2022 NY Slip Op 03953)

People v Guilianelle

2022 NY Slip Op 03953

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

529853
[*1]The People of the State of New York, Respondent,
v
Victor A. Guilianelle, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Egan Jr., J.P.
Appeal from an order of the County Court of Saratoga County (Murphy III, J.), entered August 5, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2018, defendant pleaded guilty to attempted sexual abuse in the first degree and was sentenced to a term of imprisonment. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively classified him as a risk level two sex offender with a total score of 90 points. The matter proceeded to a hearing at which defendant elected not to appear but was represented by counsel. Defendant disputed 15 of the 90 points assessed to him, but acknowledged that he would be presumptively classified as a risk level two sex offender even if those points were deducted, and sought a downward departure. County Court thereafter assessed defendant with 90 points, classified him as a risk level two sex offender, designated him as a sexually violent offender and denied his request for a downward departure. Defendant appeals.
Defendant contends that County Court erred in denying his request for a downward departure. County Court expressly denied that request and, even assuming that it failed to adequately set forth the factual findings for that conclusion, "the record is otherwise sufficiently developed for us to make our own factual findings and conclusions" (People v Brown, 190 AD3d 1120, 1122 [2021]; accord People v Porter, 201 AD3d 1152, 1154 [2022], lv denied ___ NY3d ___ [May 24, 2022]; compare People v Harvey, 202 AD3d 1296, 1297 [2022]). The sole basis for defendant's request for a downward departure was the fact that a risk assessment annexed to his presentence investigation report — which was relied upon by the Board in preparing its case summary — indicated that he was at a low risk of reoffending. In order to obtain a downward departure, however, "[d]efendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Deming, 155 AD3d 1262, 1263 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 911 [2018]; see People v Gillotti, 23 NY3d 841, 861—863 [2014]). It is settled that "merely tendering an alternative evaluation or assessment does not suffice" to meet that burden and, indeed, the value of the assessment here was especially debatable since the presentence investigation report discussed its conclusions and noted that other research found the actual reoffense rate to be higher than that suggested by the assessment score (People v Deming, 155 AD3d at 1263; see People v Dorvee, 203 AD3d 1413, 1415 [2022]). It follows, as a result, that defendant failed to demonstrate the need for a downward departure.
Defendant's [*2]further contention that he received the ineffective assistance of counsel is unavailing. In addition to advocating for a downward departure, defense counsel actively challenged the reliability of the Board's case summary as support for the assessment of points under risk factor 12 (failure to accept responsibility). Defendant suggests that defense counsel should have sought to review the documentation underlying that aspect of the case summary but, as defendant acknowledges, the case summary itself was reliable hearsay from which the People could meet their burden of establishing the proper risk level classification by clear and convincing evidence (see People v Smith, 199 AD3d 1188, 1190 [2021]; People v Darrah, 153 AD3d 1528, 1528 [2017]). Defense counsel cannot, as a result, be faulted for eschewing a review that stood little chance of success and instead arguing that defendant's acceptance of responsibility when he pleaded guilty was more credible than the bare factual assertions made in the case summary (see People v Caban, 5 NY3d 143, 152 [2005]; People v Stein, 194 AD3d 1201, 1202 [2021], lv denied 37 NY3d 913 [2021]). Thus, "[v]iewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation" (People v Remonda, 158 AD3d 904, 905 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 910 [2018]; accord People v Arroyo, 202 AD3d 1212, 1214 [2022]; see People v Stein, 194 AD3d at 1203).
Clark, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.