People v Kaminski (2022 NY Slip Op 05116)

People v Kaminski

2022 NY Slip Op 05116

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

532677
[*1]The People of the State of New York, Respondent,
v
Thomas Kaminski, Appellant.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

John A. Cirando, Syracuse, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of Chemung County (Richard W. Rich Jr., J.), entered October 28, 2020, which reclassified defendant pursuant to Correction Law § 168-o (2) as a risk level two sex offender.
As relevant here, defendant was convicted in 1980 of rape in the first degree and burglary in the second degree and sentenced to a term of imprisonment (87 AD2d 724 [3d Dept 1982], mod 58 NY2d 886 [1983]). Upon his release from incarceration, defendant was classified as a risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) — a classification that was upheld upon appeal (38 AD3d 1127 [3d Dept 2007], lv denied 9 NY3d 803 [2007]). Thereafter, in 2017, defendant filed a petition pursuant to Correction Law § 168-o (2) seeking, among other things, to reduce his classification to a risk level one sex offender. After conducting a hearing, but without requesting or reviewing an updated recommendation from the Board of Examiners of Sex Offenders, County Court denied defendant's request. Upon appeal, this Court reversed, citing County Court's failure to comply with the procedural requirements of Correction Law § 168-o (4), and remitted this matter for further proceedings (184 AD3d 951 [3d Dept 2020]). Following receipt of an updated recommendation from the Board, wherein the Board indicated that it would not be opposed to a risk level two classification, the People's concurring response and a hearing, County Court reclassified defendant as a risk level two sex offender. Defendant appeals — contending that a further reduction to a risk level one classification is warranted.
We affirm. A sex offender who is required to register under SORA may petition annually for modification of his or her risk level classification (see Correction Law § 168-o [2]; People v Smilowitz, 178 AD3d 1187, 1187 [3d Dept 2019]; People v Anthony, 171 AD3d 1412, 1413 [3d Dept 2019]). The offender bears the burden of establishing — by clear and convincing evidence — that the requested modification is warranted, and, absent an abuse of discretion, the trial court's determination in this regard will not be disturbed (see People v West, 201 AD3d 1242, 1243 [3d Dept 2022], lv denied 38 NY3d 908 [2022]; People v Stein, 194 AD3d 1201, 1203 [3d Dept 2021], lv denied 37 NY3d 913 [2021]). Notably, the modification petition does not afford the offender an opportunity to revisit the initial risk level classification under SORA (see People v Stein, 194 AD3d at 1203). Rather, "[t]he relevant inquiry is whether conditions have changed, subsequent to the initial risk level classification, so as to warrant a modification thereof" (People v West, 201 AD3d at 1243; see People v Hartwick, 181 AD3d 1098, 1099 [3d Dept 2020]).
In support of his modification petition, defendant primarily cited his age at the time of the hearing (64 years old) and his generally poor health, as well as the fact that he was not subsequently [*2]charged with any additional sex crimes. Noticeably absent from the record, however, is any medical evidence demonstrating that either defendant's age or his allegedly deteriorating health "renders him less likely to commit sex crimes in the future" (People v Rivas, 185 AD3d 740, 741 [2d Dept 2020], lv denied 35 NY3d 918 [2020]; see People v Charles, 162 AD3d 125, 140-141 [2d Dept 2018], lv denied 32 NY3d 904 [2018]; cf. People v Williams, 172 AD3d 1923, 1924 [4th Dept 2019], lv denied 33 NY3d 913 [2019]; compare People v Stevens, 55 AD3d 892, 894 [2d Dept 2008]). Additionally, defendant did not provide any proof that he successfully completed sex offender treatment or actively was engaged in counseling (see People v West, 201 AD3d at 1243; People v Anthony, 171 AD3d at 1414). Finally, although defendant did not perpetrate any subsequent sex crimes, his testimony at the hearing indeed evidenced a less than full appreciation of his conduct relative to the underlying offense, prompting County Court to genuinely question defendant's acceptance of responsibility and professed remorse. Simply put, the foregoing proof fell short of establishing — by clear and convincing evidence — that further reduction of defendant's risk level classification to a risk level one sex offender was warranted. Under these circumstances, County Court did not abuse its discretion in reclassifying defendant as a risk level two sex offender and, therefore, its determination will not be disturbed.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.