People v Shader (2023 NY Slip Op 02921)

People v Shader

2023 NY Slip Op 02921

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

535541
[*1]The People of the State of New York, Respondent,
v
Timothy Shader, Appellant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Pappalardo & Pappalardo, LLP, White Plains (Jill K. Sanders of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Aarons, J.
Appeal from an amended order of the County Court of Albany County (Andra Ackerman, J.), entered April 25, 2022, which reclassified defendant pursuant to Correction Law § 168-o (2) as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 1977, defendant was convicted of rape in the first degree, sodomy in the first degree, assault in the second degree and burglary in the second degree and was sentenced to 8&frac13; to 30 years in prison.[FN1] Upon his release from incarceration in 1998, defendant was classified as a risk level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). In 2021, defendant filed a petition seeking, among other things, to be reclassified as a risk level one sex offender. Following a hearing, County Court reclassified defendant as a risk level two sex offender. Defendant appeals.
We affirm. "Correction Law § 168-o (2) permits a sex offender required to register under SORA to petition annually for modification of his [or her] risk level classification" (People v Lashway, 25 NY3d 478, 483 [2015]). "The burden is on the sex offender to establish by clear and convincing evidence that the requested modification is warranted, and the trial court's determination will not be disturbed absent an abuse of discretion" (People v Smilowitz, 178 AD3d 1187, 1187 [3d Dept 2019] [internal quotation marks and citations omitted]; see People v Kaminski, 208 AD3d 1395, 1396 [3d Dept 2022], lv denied 39 NY3d 905 [2022]). "In this regard, the relevant inquiry is whether, subsequent to the initial risk level classification, conditions have changed so as to warrant a modification thereof" (People v Hartwick, 181 AD3d 1098, 1099 [3d Dept 2020] [citations omitted]; see People v West, 201 AD3d 1242, 1243 [3d Dept 2022], lv denied 38 NY3d 908 [2022]).
In support of his request for reclassification, defendant cited to the fact that he has not committed any additional sex crimes since his release in 1998, that he has completed sex offender treatment, has earned an Associate's degree, has been steadily employed throughout the time of his release, his age (66 years old at the time of his petition) and that he is married and has a stable home life. Defendant also relied upon a psychologist's 2020 evaluation in which she concluded that defendant's "risk for sexual recidivism is low." County Court credited this evidence in reclassifying defendant as a risk level two sex offender.[FN2] In rejecting defendant's request to be reclassified as a risk level one sex offender, however, the court noted that in 2003, while on probation, defendant was arrested and convicted of the misdemeanor charges of attempted auto stripping in the third degree and attempted possession of burglary tools and was found to be in violation of his probation. Based upon these crimes, defendant's history of sex offenses prior to the 1977 crimes and the seriousness of the 1977 conviction, the court concluded that defendant [*2]had not demonstrated by clear and convincing evidence that a reclassification to a risk level one sex offender was warranted. Upon review, no abuse of discretion exists in the court's reclassification of defendant to a risk level two sex offender (see People v Hartwick, 181 AD3d at 1100; People v Smilowitz, 178 AD3d at 1189).
Garry, P.J., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the amended order is affirmed, without costs.

Footnotes

Footnote 1: In 2003, Penal Law § 130.50 was amended and sodomy in the first degree was replaced and is now known as criminal sexual act in the first degree (see Penal Law § 130.50, as amended byL 2003, ch 264, § 20).

Footnote 2: Although the Board of Examiners of Sex Offenders concluded that it "would not oppose" a reclassification of defendant to a risk level one sex offender, County Court is "not bound by the Board's recommendation" (People v Smilowitz, 178 AD3d at 1189 [internal quotation marks and citation omitted]).