People v Lashway (2024 NY Slip Op 02234)

People v Lashway

2024 NY Slip Op 02234

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

535716
[*1]The People of the State of New York, Respondent,
v
Steven Lashway, Appellant.

Calendar Date:March 25, 2024

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Stephan R. Weiss, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Kurt C. Reh of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Clinton County (William A. Favreau, J.), entered April 19, 2022, which denied defendant's application pursuant to Correction Law § 168-o (2) for reclassification of his sex offender risk level status.
The underlying facts are more fully set forth in this Court's prior decisions involving defendant. In 1989, defendant was charged in a superseding indictment with three counts of rape in the second degree (People v Lashway, 187 AD2d 747 [3d Dept 1992], lv denied 81 NY2d 842 [1993]). The charges stemmed from defendant engaging in sexual intercourse with the 11-year-old victim while on parole for a prior rape conviction involving a developmentally disabled 13-year-old girl. Following a jury trial, defendant was convicted of all charges and was sentenced as a second felony offender to a lengthy period of incarceration. Prior to his release from prison in 2004, defendant was classified as a risk level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C). Defendant subsequently violated parole and was returned to prison.
In 2010, and while under civil confinement pursuant to Mental Hygiene Law article 10, defendant filed a petition under Correction Law § 168-o seeking a downward modification of his risk level classification (People v Lashway, 90 AD3d 1178 [3d Dept 2011], lv dismissed 18 NY3d 945 [2012]). County Court (McGill, J.) denied defendant's request without a hearing and, upon appeal, this Court concluded that defendant was entitled to a hearing and remitted the matter for further proceedings. Following a hearing, County Court again denied defendant's application; upon appeal, this Court affirmed (112 AD3d 1235 [3d Dept 2013], affd 25 NY3d 478 [2015]). Defendant returned to prison in 2017 upon his conviction of an aggravated family offense and was released to parole supervision in May 2020.
In August 2021, petitioner filed a pro se petition once again seeking modification of his risk level classification. Petitioner's application was premised upon his then-age (62 years old) and alleged that he was not a dangerous sex offender and that he had not committed any sex crimes "in many years." Counsel was appointed and filed a supporting affidavit. The People requested an updated recommendation from the Board of Examiners of Sex Offenders and, following the receipt thereof, the People indicated that they would not be calling any witnesses, opting instead to rely upon the Board's recommendation. When defendant was unable to attend the scheduled appearance due to inclement weather, defense counsel, consistent with his prior representations, requested that the matter be removed from the calendar and that County Court (Favreau, J.) rely upon the parties' respective submissions. County Court subsequently denied defendant's application citing, among other things, defendant's criminal history and failure to successfully complete sex offender treatment. This appeal by defendant followed[*2].
We affirm. "A sex offender who is required to register under [the Sex Offender Registration Act] may petition annually for modification of his or her risk level classification" (People v Kaminski, 208 AD3d 1395, 1396 [3d Dept 2022] [citations omitted], lv denied 39 NY3d 905 [2022]; see People v Shader, 217 AD3d 1040, 1041 [3d Dept 2023], lv granted 40 NY3d 909 [2024]). "The offender bears the burden of establishing — by clear and convincing evidence — that the requested modification is warranted, and, absent an abuse of discretion, the trial court's determination . . . will not be disturbed" (People v Kaminski, 208 AD3d at 1396 [citations omitted]; see People v Austin, 182 AD3d 937, 938 [3d Dept 2020]). "The relevant inquiry is whether conditions have changed, subsequent to the initial risk level classification, so as to warrant a modification thereof" (People v West, 201 AD3d 1242, 1243 [3d Dept 2022] [citations omitted], lv denied 38 NY3d 908 [2022]; see People v Hartwick, 181 AD3d 1098, 1099 [3d Dept 2020]).
In support of his modification petition, defendant primarily relied upon his age and the fact that he was not subsequently charged with any additional sex crimes. Defense counsel echoed these assertions, as well as noting defendant's compliance with the applicable registration requirements. Absent from the record, however, is any medical evidence demonstrating that defendant's age "renders him less likely to commit sex crimes in the future" or, more to the point, "any proof that he successfully completed sex offender treatment" (People v Kaminski, 208 AD3d at 1397 [internal quotation marks and citation omitted]). Additionally, although it indeed appears that defendant had not been charged with any further sex offenses, the updated recommendation prepared by the Board reflects that, subsequent to his release from prison in 2004, defendant was convicted of criminal contempt in the second degree in 2005, assault in the third degree in 2009 and an aggravated family offense in 2017 and has various orders of protection in place against him. Against this backdrop, and considering the serious nature of the underlying conviction, County Court reasoned that defendant had failed to demonstrate by clear and convincing evidence that a reclassification to a risk level one sex offender was warranted. Upon review, we are satisfied that County Court did not abuse its discretion in this regard and, as such, its determination will not be disturbed (see People v Shader, 217 AD3d at 1042; People v Kaminski, 208 AD3d at 1397).
Defendant's related assertion — that he was deprived of the effective assistance of counsel — is lacking in merit. Simply put, given defendant's overall criminal history, i.e., his numerous failed attempts on parole and his subsequent convictions following his initial release from prison, as well as his failure to successfully complete sex offender treatment, defense counsel's colorable arguments in support of defendant's reclassification [*3]application were quite limited. As "defense counsel cannot be faulted for failing to pursue an argument that has little or no chance of success" (People v Sutton, 221 AD3d 1185, 1187 [3d Dept 2023], lv denied ___ NY3d ___ [Mar. 18, 2024]; see People v Arroyo, 202 AD3d 1212, 1214 [3d Dept 2022], lv denied 38 NY3d 910 [2022]; People v Green, 201 AD3d 1137, 1139-1140 [3d Dept 2022], lv denied 38 NY3d 906 [2022]), we do not find that defendant was denied meaningful representation. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.